IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–01965–KMT

ALEX COLEMAN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

## ORDER

---

This matter comes before the court on "Plaintiff's Request for a Court Order Requiring a Physician to Provide an Affidavit or Answer Interrogatories on Matters Relevant to Mr. Coleman's Initial Diagnosis Injury, and Treatment" (Doc. No. 38, filed September 8, 2020).

Plaintiff, a federal inmate, alleges that medical providers employed by the Bureau of Prisons ("BOP") were negligent in providing him medical treatment on April 12, 2017, which contributed to injuries resulting from blood clots that ultimately caused him to be sent to an outside hospital for medical care. (Doc. No. 8 at 7-10.) Plaintiff filed the operative complaint on September 17, 2018, asserting one cause of action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671, *et seq.* (*See id.* at 7.)

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on November 19, 2018, and this court granted the motion on March 27, 2019, dismissing this matter with prejudice

because Plaintiff failed to file a certificate of review as required by Colorado law.  (Doc. Nos. 16 and 19.)  Plaintiff appealed this court's ruling to the Tenth Circuit Court of Appeals.  On February 26, 2020, the Court of Appeals vacated this court's order and remanded.  (Doc. No. 33.)  In its decision, the Tenth Circuit highlighted the following issues to be addressed by the district court on remand: (1) this court must determine whether a certificate of review is required in this case; (2) if this court determines dismissal to be appropriate, it must decide whether that dismissal should be with or without prejudice; and (3) this court must decide the procedural mechanism for dismissal.  (*Id.*)  This court ordered the parties to submit supplemental briefing on the issues.  (Doc. No. 36.)  Defendant then filed a motion for the court to require Plaintiff to show cause why his FTCA claim for medical negligence should not be dismissed without prejudice for failure to file a certificate of review.  (Doc. No. 37.)  In response, Plaintiff moves the court for an order requiring a physician to provide a certificate of review on his behalf.  (Doc. No. 38.)

To the extent Plaintiff seeks a court-appointed physician to review his case, the court finds no authority to appoint and pay a physician to assist an indigent litigant in the preparation of a civil suit for damages.  *Patel v. United States*, 399 F. App'x 355, 359 (10th Cir. 2010).  Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.  However, 28 U.S.C. § 1915(c) provides, in pertinent part, that "[w]itnesses shall attend as in other cases."  It does not authorize the government to pay or advance the fees and expenses for witnesses.  *Patel*, 399 F. App'x at 359.  The right of access to the courts does not extend to providing witness fees for a witness the prisoner claims to be essential to his in forma pauperis case.  *Johnson v. Hubbard*,

698 F.2d 286, 288–90 (6th Cir. 1983). The court has no more authority to appoint a physician witness at government expense for Plaintiff than it has to require counsel to represent him.

As stated by the Tenth Circuit in affirming the district court's denial of a motion for appointment of an expert,

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems . . . . By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Patel*, 399 F. App'x at 359 (quoting *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3rd Cir. 1987)).

Accordingly, Plaintiff's request for the court to appoint a physician to review his case is denied.

**WHEREFORE**, it is

**ORDERED** that "Plaintiff's Request for a Court Order Requiring a Physician to Provide an Affidavit or Answer Interrogatories on Matters Relevant to Mr. Coleman's Initial Diagnosis Injury, and Treatment" (Doc. No. 38) is **DENIED**.

Dated this 20th day of October, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge