IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–01965–KMT

ALEX COLEMAN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

## ORDER

---

This matter comes before the court on the "United States' Motion for Order to Show Cause" (Doc. No. 37, filed August 11, 2020). Plaintiff filed a response[1] (Doc. No. 28, filed September 8, 2020), and Defendant filed a reply (Doc. No. 39, filed September 15, 2020).

### STATEMENT OF THE CASE

Plaintiff, a federal inmate, alleges that medical providers employed by the Bureau of Prisons ("BOP") were negligent in providing him medical treatment on April 12, 2017, which contributed to injuries resulting from blood clots that ultimately caused him to be sent to an outside hospital for medical care. (Doc. No. 8 at 7–10.) Plaintiff filed the operative complaint on September 17, 2018, asserting one cause of action against the United States of America

---

[1] This court construed Plaintiff's response as a motion and denied the same. (Doc. No. 40.)

pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §§ 2671, *et seq.* (*See id.* at 7.)

## PROCEDURAL HISTORY

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on November 19, 2018, and this court granted the motion on March 27, 2019, dismissing this matter with prejudice because Plaintiff failed to file a certificate of review as required by Colorado law. (Doc. Nos. 16 and 19.) Plaintiff appealed this court's ruling to the Tenth Circuit Court of Appeals. On February 26, 2020, the Court of Appeals vacated this court's order and remanded the case for this court to reconsider the following issues: (1) whether a certificate of review is required in this case; (2) whether dismissal, if appropriate, should be with or without prejudice; and (3) the procedural mechanism for dismissal. (Doc. No. 33.) This court ordered the parties to submit supplemental briefing on the issues. (Doc. No. 36.) Defendant then filed the instant motion for the court to require Plaintiff to show cause why his FTCA claim for medical negligence should not be dismissed without prejudice for failure to file a certificate of review. (Doc. No. 37.)

## ANALYSIS

Pursuant to Colorado law:

> In every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party. . . within sixty days after service of the complaint, . . . unless the court determines that a longer period is necessary for good cause shown.

C.R.S. § 13-20-602(1)(a). The certificate of review must demonstrate that the plaintiff has consulted a professional "who has expertise in the area of the alleged negligent conduct," and that the professional has reviewed the known facts, records, and other materials deemed relevant

2

to the allegations, and "based on the review of such facts, has concluded that the filing of the claim . . . does not lack substantial justification[.]" *Id.* at § 13-20-602(3)(a). "If the court determines that a certificate is required, and the plaintiff fails to file, such failure requires dismissal of the complaint." *Sherman v. Klenke*, 653 F. App'x 580, 595 (10th Cir. 2016) (citing C.R.S. § 13-20-602(4)).

"The certificate of review requirement is not jurisdictional; rather, it acts as an affirmative defense that may be waived." *Morales v. Rattan*, No. 17-cv-03009-PAB-KLM, 2019 WL 588192, at *3 (D. Colo. Feb. 13, 2019) (citing *Miller v. Rowtech, LLC*, 3 P.3d 492, 494-95 (Colo. App. 2000)); *see also* C.R.S. § 13-20-602(b)(2) ("[T]he defense may move the court for an order requiring filing of such a certificate."). The certificate of review serves to establish a *prima facie* case of negligence, and to ensure that a defendant does not expend "unnecessary time and costs in defending professional negligence claims," by "weed[ing] out frivolous claims at an early stage of the judicial process. *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002); *Badis v. Martinez*, 819 P.2d 551, 554 (Colo. App. 1991), *rev'd on other grounds*, 842 P.2d 245 (Colo. 1992).

The Tenth Circuit has made clear that Colorado's certificate of review requirement applies to "professional negligence claims brought against the United States under the FTCA." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1118 (10th Cir. 2004). This requirement applies irrespective of whether an inmate is represented by counsel. *Sherman*, 653 F. App'x at 594. However, a certificate of review need only be filed in an FTCA case if: "(1) the plaintiff brings a claim of alleged professional negligence against a licensed professional, *and* (2) expert testimony is necessary to substantiate the claim." *Id.* at 595 (emphasis in original).

3

Plaintiff's allegations under the FTCA challenge medical providers' lack of action in providing him with medical treatment for his symptoms. (*See* Doc. No. 8 at 6, 13 [stating that his claims are against "prison medical workers"]; at 8 [Nurse Masterson failed to treat him; the prison doctor returned him to his holding cell without medical treatment].) Given that Plaintiff's allegations sound in professional negligence, the first element is satisfied. *See State v. Nieto*, 993 P.2d 493, 504 (Colo. 2000) (holding that an inmate's claim against a prison nurse for medical malpractice "falls squarely within the class of claims covered by" § 13-20-602).

Regarding the second element, Defendant argues that the facts alleged require a certificate of review (Doc. No. 37 at 3-5), and Plaintiff states he "'now understands' the significance of filing a certificate of review" (Doc. No. 38 at 1). "A court has discretion to determine whether a claim requires expert testimony, and therefore whether the certificate of review requirement is applicable." *Burns v. Ted Laurence, P.A.*, No. 10-cv-2691-WJM-CBS, 2013 WL 3771280, at *2 (D. Colo. July 17, 2013) (citing *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 629 (Colo. 1999)). In general, expert testimony in medical negligence actions is "necessary to determine the standards of professional care and competence which define the concept of reasonableness appropriate to adjudication of such disputes." *Gorab v. Zook*, 943 P.2d 423, 427 (Colo. 1997). This is because "[t]he question of whether a medical professional's conduct meets the professional standard of care is not within the ambit of common knowledge under Colorado law." *Shinn v. Melberg*, No. 12-cv-01180-LTB-BNB, 2014 WL 334662, at *3 (D. Colo. Jan. 30, 2014) (citing *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. App. 1995)).

However, in certain contexts, Colorado courts have deemed expert testimony to be unnecessary. *See, e.g., Williams v. Boyle*, 72 P.3d 392, 397 (Colo. App. 2012) ("[A] claim relying on the doctrine of *res ipsa loquitur* will not require a certificate of review because the facts create a presumption of negligence and, therefore, expert testimony is not necessary."); *Greenwell v. Gill*, 660 P.2d 1305, 1307 (Colo. App. 1982) ("A plaintiff alleging lack of informed consent on the basis of an asserted non-disclosure of material facts is not necessarily required to present expert testimony to establish his or her claim."). Indeed, in cases alleging negligent medical treatment, the court has discretion to determine "whether the factual context of the proceeding is so technically complex that the plaintiff must present testimony by an expert witness to establish the applicable professional standards and minimal levels of competence." *Greenwell*, 660 P.2d at 1307 (citing *Farrah v. Patton*, 59 P.2d 76 (1936)).

Here, the amended complaint describes events that all occur within the span of one day, and which culminate in Plaintiff being transported out of prison, to a hospital, and receiving treatment for what he describes as three blot clots. (Doc. No. 8 at 9.) Plaintiff received medical treatment, but his complaint is that he was not identified and treated more quickly. (*Id.* at 6.) Prior to being transported to the hospital, Plaintiff characterizes medical staff as having failed to "treat" him, but his own allegations clarify that he is not alleging that he was completely ignored. He indicates that his symptoms were heard by a nurse, and he was even transferred to the Health Services Unit, but then returned to his cell. (*Id.* at 6-9.) Plaintiff's symptoms were primarily nausea and dizziness after exercise, and he also claims he vomited and lost consciousness at one point, but regained consciousness on his own. Plaintiff explains that he was exercising in his cell, which, without the benefit of expert testimony, could explain his symptoms of dizziness,

5

nausea, and even vomiting.  (*Id.*)  Plaintiff alleges he was diagnosed with blood clots in each leg and in his chest.  (*Id.* at 9, ¶ 16.)

The court concludes that expert testimony, and thus a certificate of review, would be needed for a fact-finder to independently evaluate the merits Plaintiff's claims.  To prove medical negligence, Plaintiff would have to show, through expert testimony, the nature of the duty of care owed by a the prison nurse and doctor with regard to the treatment of his symptoms, as well as how the nurse and doctor breached that duty of care.  *See Williams*, 72 P.3d at 397 ("Plaintiff's medical negligence claim alleges that defendant owed a duty of care to plaintiff, which he breached by not giving appropriate diagnosis, treatment, and followup [sic] of plaintiff's health problems.  This claim of professional negligence required expert testimony and, consequently, a certificate of review."); *see also Morales v. Rattan*, No. 17-cv-03009-PAB-KLM, 2019 WL 588192, at *5 (D. Colo. Feb. 13, 2019) (allegations that a physician misdiagnosed the plaintiff's foot condition and "failed to prevent the avoidable amputation of [his] toe" required expert testimony); *Custard v. Balsick*, No. 15-cv-2221-REB-CBS, 2017 WL 131799, at *21 (D. Colo. Jan. 13, 2017) (allegations that a physician's assistant "should have immediately provided medical care instead of delaying or denying it" required expert testimony).

Because expert testimony is necessary to substantiate Plaintiff's FTCA claim for medical negligence, his failure to file a certificate of review bars him from proceeding with his claims. C.R.S. § 13-20-602(4) ("The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim."); *Sherman*, 653 F. App'x at 595.  Plaintiff's claims, therefore, are dismissed without prejudice.  *See*, *e.g.*, *Alpine Bank v. Hubbell*, No. 05-cv-00026-EW-NP, 2007 WL 218906, at *5 (D. Colo. Jan. 26, 2007)

(holding dismissal with prejudice is improper because of failure to file certificate of review, unless egregious circumstances like gross negligence or forgery exist).

**WHEREFORE**, it is

**ORDERED** that Plaintiff's FTCA claims for medical negligence and this case are dismissed, without prejudice, for failure to file a certificate of review.  It is further

**ORDERED** that the "United States' Motion for Order to Show Cause" (Doc. No. 37) is **DENIED** as moot.

Dated this 20th day of October, 2020.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge